**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                                 PLAINTIFF

v.                                         NO. 4:05CR00054-01 JLH

KENNETH RAY IRVIN                                                                          DEFENDANT

## ORDER

Kenneth Ray Irvin has filed a *pro se* motion asking the Court to take judicial notice portions of the change of plea proceedings that he says were struck by the Court. He has submitted an affidavit saying that during the change of plea hearing the Court asked him if there had been any promises made to him, and he replied that the government had promised to return the Dodge Intrepid, whereupon he was told that he could not say that, and the Court directed that those statements be struck from the record. Irvin asks that if that portion of the record cannot be retrieved that a hearing be conducted to reconstruct that portion of the record.

The law requires that each session of the Court and every proceeding be recorded verbatim by shorthand, mechanical means, electronic sound recording, or another method approved by the judicial conference. 28 U.S.C. § 753(b). In this instance, the court reporter recorded verbatim by stenographic means the change of plea hearing and then prepared a transcript from the stenographic notes. The Court has again reviewed the transcript of the change of plea hearing and confirmed that nothing was said about a promise by the government to return the Dodge Intrepid and that nothing was struck from the record. The Court has requested that the Chief Court Reporter of this district, who was not the court reporter at the change of plea hearing, review the stenographic notes and compare them with the transcript to make sure that the transcript is accurate and that nothing has

been omitted. That review has confirmed that the transcript is accurate and that nothing has been omitted.

Irvin misunderstands what it means to strike something from the record. If the Court had ordered his remarks stricken from the record, those remarks would still appear in the transcript, along with the Court's direction that they be stricken, but they would not be considered by the Court in making its rulings. Here, there was nothing struck from the record.

Irvin asks that if the Court cannot "retrieve the strickened portion of the record" that the Court hold a hearing to reconstruct that portion of the record that was struck but not preserved. There is nothing that was struck but not preserved. Again, if a statement or comment had been struck, the transcript would so reflect. Therefore, Irvin's motion is DENIED. Document #174.

IT IS SO ORDERED this 10th day of March, 2009.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE