**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                           PLAINTIFF

v.                              NO. 4:05CR00054-01 JLH

KENNETH RAY IRVIN                                               DEFENDANT

**OPINION AND ORDER**

On March 24, 2010, Kenneth Ray Irvin filed a motion for a return of seized property pursuant to Federal Rule of Criminal Procedure 41(g). The United States has responded to the motion, and the motion is ripe for adjudication. For the reasons that follow, the Court finds that an evidentiary hearing is necessary to determine whether Irvin filed a properly executed claim contesting the forfeiture of his property.

**I.**

On February 10, 2005, the Drug Enforcement Administration ("DEA") seized a 2000 Dodge Intrepid owned by Irvin from a co-defendant. After the seizure, the DEA instituted an administrative forfeiture proceeding against the vehicle pursuant to 18 U.S.C. § 983(a) and 19 U.S.C. § 1607(a). Notices of seizure were sent to the relevant parties, including Irvin. The notices advised that Irvin could file a claim to contest the forfeiture of the vehicle. The claim had to "[i]dentify the specific property being claimed; state the claimant's interest in such property' and be made under oath, subject to penalty of perjury." Document # 149, Ex. 5. Irvin received the notices. On April 20, 2005, William C. McArthur, one of the lawyers representing Irvin, wrote the asset forfeiture section of the Offices of Operations Management of the DEA and requested an extension of time to respond to the notices of forfeiture. The DEA granted the request by letter dated May 4, 2005, and gave Irvin

twenty days from the date the letter was received to submit a claim.  The letter also stated that, if Irvin wanted to request the return of the vehicle through the DEA administratively, he would be required to submit a petition for remission or mitigation of forfeiture and state the facts and circumstances that would justify the return of the property.

Irvin received the letter on May 19, 2005.  He testified that he wrote a letter on June 5, 2005, making a claim for the 2000 Dodge Intrepid.  The DEA alleges that no properly executed claim was received.  On June 21, 2005, the DEA sent additional notices to Irvin, but the notices were returned because Irvin was no longer at the facility to which the notices had been sent.  On August 3, 2005, notices were again sent and returned.  Finally, on August 31, 2005, notices were sent again, and a person at the West Carroll Detention Center in Epps, Louisiana, signed accepting delivery of the notice on behalf of Irvin.  Irvin testified that on September 20, 2005, after receiving the August 31, 2005, notice, he again wrote and made a claim on the 2000 Dodge Intrepid.

On September 28, 2005, Irvin entered into a plea agreement with the government.  Section 11.A of the original plea agreement provided:

> The defendant agrees to forfeit all interests in the following property that facilitated the defendant's offense, including but not limited to the following specific property:
> 2000 Dodge Intrepid registered to Irvin on 2-10-05;
> Green Cadillac registered to Irvin on 2-10-05;
> Ruger .45 caliber semi-automatic pistol, serial number 662-09013;
> U.S. currency removed from the bag recovered from the CI and from Irvin's person upon his arrest; . . . .

Before signing the agreement, Irvin told his lawyer Blake Hendrix that he wanted to keep one of the automobiles for his wife.  Hendrix spoke to Assistant United States Attorney ("AUSA") John Ray White, who said that Irvin should pick the one he wanted to keep.  Irvin picked the Dodge Intrepid, and he or Hendrix marked through the line listing the Dodge Intrepid as property that would be

forfeited. Then, Hendrix, Irvin, and White initialed next to that handwritten change to the plea agreement.

On October 25, 2005, the DEA forfeited the 2000 Dodge Intrepid to the United States pursuant to 19 U.S.C. § 1609. According to the affidavit of John Hieronymus, forfeiture counsel for the DEA, no properly executed claim was ever received. Irvin, believing that the government had breached the terms of the plea agreement, filed an action under 28 U.S.C. § 2255. AUSA White responded to the motion and attached a copy of the forfeiture order. After receiving a copy of the forfeiture order, Irvin discovered that he had submitted an incorrect asset number on the two claims that he had made contesting the forfeiture of the Dodge Intrepid. According to Irvin, he had added an extra digit to the asset number. After an evidentiary hearing, this Court denied Irvin's § 2255 petition. Document # 167. On March 24, 2010, Irvin filed a motion for the return of property pursuant to Federal Rule of Criminal Procedure 41(g).

## II.

According to Rule 41(g), "A person aggrieved by . . . the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized." The Eighth Circuit has held that Rule 41(g) motions may not be used to attack antecedent civil forfeitures. *Muhammed v. Drug Enforcement Agency, Asset Forfeiture Unit*, 92 F.3d 648, 652 n.4 (8th Cir. 1996); *see also In re Harper*, 835 F.2d 1273, 1274 (8th Cir. 1988) (holding that Rule 41(e)[1] cannot be used to challenge the results of complete forfeiture proceedings), *abrogated on other grounds by United States v. Woodall*, 12 F.3d 791 (8th Cir. 1993); 3A Charles Alan Wright et al., *Federal Practice and Procedure*, § 673 (3d ed.) ("Ordinarily once an administrative forfeiture

---

[1] The former provisions of Rule 41(e) are now found in Rule 41(g).

proceeding has begun, the district court loses jurisdiction to adjudicate the matter in a peripheral setting such as a Rule 41(g) motion, since the claimant then has an adequate remedy at law.") However, the district court does have jurisdiction to consider claims of statutory or constitutional violations occurring during the administrative process that prevent a claimant from exercising his right to contest the administrative forfeiture. *Woodall*, 12 F.3d at 793 ("[F]ederal courts have universally upheld jurisdiction to review whether an administrative forfeiture satisfied statutory and due process requirements."), *abrogated on other grounds by Dusenbergy v. United States*, 534 U.S. 161, 122 S. Ct. 694, 151 L. Ed. 2d 597 (2002); *see Arango v. U.S. Dep't of Treasury*, 115 F.3d 922, 925 (11th Cir. 1997) ("We do, however, have jurisdiction over claims that 'do [ ] not challenge the [forfeiture] determination on its merits' but rather seek review of 'the adjudicatory process itself.' "); *United States v. White*, No. 07-0016-01-CR-W-DW, 2007 WL 1527005, at *2 (W.D. Mo. May 22, 2007). Because Irvin challenges the procedural safeguards attending the forfeiture, his motion comes within the purview of the Due Process Clause, and this Court has jurisdiction over the motion.[2] *See Arango*, 115 F.3d at 925 (finding that because the plaintiff claimed he was improperly denied a judicial forum, his claim arose under the Fifth Amendment's Due Process Clause).

Due process requires "an opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893, 902, 47 L. Ed. 2d 18 (1976)). In his motion, Irvin alleges that he was denied a meaningful opportunity to be heard because (a) the

---

[2] Because Irvin filed his Rule 41(g) motion outside of his criminal proceeding, the motion should be considered as a civil action. *Muhammed*, 92 F.3d at 651; *see, e.g., Woodall,* 12 F.3d at 794 n. 1 (finding the court should liberally construe 41(e) motion filed outside of a criminal proceeding to invoke the proper remedy); *Onwubiko v. United States,* 969 F.2d 1392, 1397 (2d Cir.1992) (determining that 41(e) motions should be treated as civil complaints where there is no ongoing criminal action); *Grant v. United States*, 282 F.2d 165, 168 (2d Cir.1960) (J. Friendly) (arguing that such a motion is in effect a complaint initiating a civil action).

DEA failed to properly notify him of the administrative forfeiture proceeding, and (b) the DEA continued with the administrative forfeiture proceeding even after Irvin filed a claim contesting it. Pursuant to 19 U.S.C. §§ 1607 and 1609, property valued at less than $500,000 may be subject to administrative forfeiture. After the property is seized, the government sends written notice to the appropriate parties, including the property owner. 19 U.S.C. § 1607. "[S]uch notice shall be sent in a manner to achieve proper notice as soon as practicable, and in no case more than 60 days after the date of the seizure." 18 U.S.C. § 983(a)(1)(A)(i). If the property owner wants to avoid the administrative forfeiture, he may file a claim with the government that identifies the property being forfeited; states the claimant's interest in such property; and is made under oath, subject to penalty of perjury. 18 U.S.C. § 983(a)(2). The claim need not be made in any particular form, however. 18 U.S.C. § 983(a)(2)(D). If, after receiving a claim, the government does not file a complaint for forfeiture in federal district court, then the government must release the property. 18 U.S.C. § 983(a)(3)(B). The government may not continue with the administrative forfeiture unless the forfeiture is uncontested. *Id.*

Irvin's allegation that he was not properly notified of the administrative forfeiture is without merit. The Constitution requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 657, 94 L. Ed. 865 (1950). Notice is reasonably calculated if the government attempts to provide actual notice; the government does not have to demonstrate that it was successful in providing actual notice. *Dusenbery*, 534 U.S. at 170, 122 S. Ct. at 701. Here, the DEA attempted to serve Irvin with notice on four occasions: March 18, 2005; June 21, 2005; August 3, 2005; and August 31, 2005.

Irvin admits that he received the March 18 and August 31 notices. In fact, he was granted an extension of time to respond to the March 18 notice. Because Irvin received actual notice of the administrative forfeiture proceeding on two occasions, Irvin cannot allege that he was not properly notified of the administrative forfeiture proceeding.[3]

There is an issue of fact as to whether the DEA violated Irvin's due process rights by continuing with the administrative forfeiture proceeding after Irvin filed a claim contesting the forfeiture. Irvin alleges that he filed two claims in response to the notices of seizure that he received, but the DEA continued with the administrative forfeiture. Irvin admits that he used the incorrect asset number on the claims he sent to the DEA, but he contends that his letters were sufficient to meet the statutory requirements of 18 U.S.C. § 983(a)(2)(C) and to put the DEA on notice that he was challenging the forfeiture. Irvin included a copy of a claim that he allegedly sent to the DEA with his § 2255 petition. However, he did not provide any proof that the claim was actually mailed to or received by the DEA. In its response, the DEA concedes that Irvin alleges he submitted two claims to the DEA; however, the DEA cites to the affidavit of John Hireonymus, forfeiture counsel for the DEA, which states that no properly executed claim for the property was ever received. (Govt.'s Br. 3.) The DEA makes no other mention of the alleged claims. In light of this dispute, a hearing is in order to resolve the issue of whether Irvin filed a properly executed claim with the DEA. *Cf.* Fed. R. Crim. P. 41(g) (person aggrieved by deprivation of property may move for return of property and court "must receive evidence on any factual issue necessary to decide the motion");

---

[3] Irvin argues that he was not properly notified of the forfeiture *after* it occurred because he was not sent a copy of the order of forfeiture. However, the statute requires that notice precede the forfeiture in order for the property owner to have an opportunity to contest it. It does not require that the property owner receive notice after his property is forfeited. *See* 18 U.S.C. § 983(a)(1)(A)(i).

*see also United States v. Cole*, 278 F. App'x 706, 706 (8th Cir. 2008) (remanding to the district court because the government did not submit evidence that it had given proper notice of the forfeiture proceedings to the defendant).

## CONCLUSION

For the reasons stated, this Court will conduct an evidentiary hearing to determine whether Irvin filed a timely claim pursuant to 18 U.S.C. § 983(a)(2). A date and time for the hearing will be entered in a separate order.

IT IS SO ORDERED this 25th day of May, 2010.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE